UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

In re:

GARY JAMES BUNDY and
BARBARA EARP BUNDY,

    Debtors.

No. 11-02296-PCW7

GEORGE TEREK and RITA TEREK, husband and wife; GARY WESTAD and SANDY WESTAD, husband and wife,

    Plaintiffs,

vs.

GARY JAMES BUNDY and
BARBARA EARP BUNDY,

    Defendants.

Adv. No. 11-80321-PCW

MEMORANDUM DECISION RE: PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

PATRICIA C. WILLIAMS, Presiding Judge

    This partial summary judgment presents a very narrow legal issue. Does 11 U.S.C. § 523(a)(19)[1] allow a bankruptcy court to determine dischargeability of a claim arising from a violation of securities laws only after an administrative or other judicial body has found a violation to occur or may the bankruptcy court itself determine whether a violation exists?

## **BACKGROUND**

    This adversary alleges that debtor defendants Gary and Barbara Bundy obtained $205,000 from plaintiffs Gary and Sandy Westad and obtained $166,000 from plaintiffs George and Rita Terek as a result of the debtor defendants' violation of state securities

---

[1] All references throughout this decision are to Title 11 of the United States Code.

MEMORANDUM DECISION - Page 1

laws. The debtor defendants maintain that the funds were given as a loan. The plaintiffs maintain that the funds were for the purchase of a security. The adversary complaint alleges that the debtor defendants' obligation to repay the funds is not subject to discharge for various reasons, including fraud, misrepresentation, use of a false financial statement and willful and malicious injury. The plaintiffs' motion for partial summary judgment is limited to the issue of whether the obligation is subject to discharge pursuant to § 523(a)(19) as it was for the purchase of a security and violated RCW 21.20, et seq., Washington's state securities laws.

## ANALYSIS

Prior to the amendments of the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), § 523(a)(19) provided that a discharge in a bankruptcy proceeding did not discharge any individual from any debt

    (19) that –

        (A)   is for –

            (i)   the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

            (ii)  common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

        (B)   results from –

            (i)   any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

            (ii)  any settlement agreement entered into by the debtor; or

            (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

This section of 523 then required a pre-petition order or settlement agreement or court judgment determining liability for a violation of federal or state securities laws before the bankruptcy court could determine discharge.

MEMORANDUM DECISION - Page 2

Subpart (B) of subsection 523(a)(19) was amended by BAPCPA by insertion of the phrase "before, on, or after the date on which the petition was filed."[2] The phrase inserted by the amendment "before, on, or after that date upon which the petition was filed" modifies the reference to a consent order, settlement agreement or court decree. The amendment expanded the time frame for entry of the underlying consent decree, settlement or judgment. The legislative history of this additional phrase reveals that the basis for the insertion of the phrase was to relieve regulatory agencies from "reproving" their fraud cases in bankruptcy courts as consent orders and settlements may not have collateral estoppel effect. Also, the elements of fraud under securities laws may differ from the elements of fraud applicable in discharge cases under § 523(a)(4).[3] The legislative history of this amendment provides no guidance in resolving the narrow issue posed in this partial summary judgment motion.

There are three published decisions which unequivocally address the narrow issue presented. The most recent is <u>In re Pujdak</u>, 462 B.R. 560 (Bankr. D.S.C. 2011). That court concluded that the existence of a securities laws violation must be determine by a tribunal other than the bankruptcy court. The decision recognized that a split of

---

[2](B) results, before, on, or after the date on which the petition was filed, from--

(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

(ii) any settlement agreement entered into by the debtor; or

(iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

[3]State securities regulators have indicated their strong support for this change in the bankruptcy law. Under current laws, state regulators are often forced to "reprove" their fraud cases in bankruptcy court to prevent discharge because remedial statutes often have different technical elements than the analogous common law causes of action. Moreover, settlements may not have the same collateral estoppel effect as judgments obtained through fully litigated legal proceedings. In short, with their resources already stretched to the breaking point, state regulators must plow the same ground twice in securities fraud cases. By ensuring securities law judgments and settlements in state cases are non-dischargeable, precious state enforcement resources will be preserved and directed at preventing fraud in the first place. 148 Cong. Rec. S7418, 7419 (July 26, 2002) (statement of Senator Leahy).

MEMORANDUM DECISION - Page 3

authority exists whether a bankruptcy court may itself determine whether a violation of securities laws occurred or whether the bankruptcy must reply upon another tribunal for such a determination. The Pujdak decision adopted the reasoning of In re Jafari, 401 B.R. 494 (Bankr. D. Colo. 2009) and held that one of the required elements for a finding of nondischargeability is that the violation of securities laws is determined by a tribunal other than the bankruptcy court. "The inclusion of § 523(a)(19)(B) strips the bankruptcy court of its ability to determine whether the debtor did in fact violate the securities laws; therefore, the non-bankruptcy court's liability determination should have preclusive effect in the nondischargeability action." Pujdak, supra, at p. 574.

Jafari compared § 523(a)(19) with other subsections of 523, which subsections contemplate that the underlying basis for the nondischargeability, such as fraudulent conduct, be made by the bankruptcy court. The language of § 523(a)(19)(B) differentiates this subsection from other subsections of 523.

Subsection (a)(11) has language similar to § 523(a)(19)(B). It requires fraud by a fiduciary with respect to a depository institution be "provided in any final judgment, unreviewable order, or consent order or decree entered in any court of the United States . . . ."[4] Subsection (a)(13) prohibits discharge of "an order of restitution issued under title 18, United States Code." As stated in the Jafari decision, both of these subsections require the characterization and imposition of the obligation be determined by a tribunal other than the bankruptcy court. Thus, the language of § 523(a)(19)(B), which requires a determination by a different tribunal, whether that determination be pre- or post-petition, is not a unique provision.

The Jafari opinion concluded:

> Thus, the Court concludes that, absent a settlement agreement or other consensual determination of liability, Subsection B evidences a conscious choice to have the liability determination occur outside of the bankruptcy

---

[4]Congress enacted § 523(a)(11) for the same reasons it adopted the amendments to § 523(a)(19), to ensure that prior determinations of administrative agencies or default judgments would be given preclusive effect in dischargeability actions. Meyer v. Rigdon, 36 F.3d 1375 (7th Cir. 1994).

MEMORANDUM DECISION - Page 4

> forum, whether it occurs pre- or post-bankruptcy. Once liability has been imposed, then either a bankruptcy court or a non-bankruptcy court may determine the application of this nondischargeability statute.

Jafari, supra, at pp. 499-500.

A decision which did not focus on this narrow issue, but is instructive is In re Zimmerman, 341 B.R. 77 (Bankr. N.D. Ga. 2006). An adversary had been commenced alleging an obligation was not subject to discharge under §§ 523(a)(2), (4) or (6), and by amendment, adding (a)(19). The issue presented to that court was whether the stay should be lifted to allow a National Association of Securities Dealers ("NASD") arbitration to be completed, which arbitration would determine whether a violation of securities laws had occurred. The court reasoned that since § 523(a)(19) states that discharge may be denied based upon a post-petition determination of a violation of securities laws, regulatory agencies such as NASD should make that determination. Even though many of the facts would be relevant to all the causes of action, the bankruptcy court lifted the stay to allow the arbitration to conclude whether a violation of securities laws had occurred. The bankruptcy court retained jurisdiction to determine whether any obligation resulting from the violation of securities laws would then be subject to discharge. The bankruptcy court would also then determine discharge under the other subsections of 523.

The only published decision other than Pujdak and Jafari, which directly discusses the narrow issue presented in this partial summary judgment motion is In re Chan, 355 B.R. 494 (Bankr. E.D. Pa. 2006). As in Zimmerman, supra, that case also arose in the context of a motion to lift the automatic stay. In Chan, supra, a state court action had been commenced pre-petition alleging violation of state securities laws.

Chan concluded that § 523(a)(19) provides concurrent jurisdiction for either a bankruptcy court or another court to decide whether a violation of securities laws had occurred. That court concluded that the stay should not be lifted for various reasons, including the fact that the adversary complaint alleged grounds for nondischargeability under §§ 523(a) (2), (4) and (6), which allegations were within exclusive jurisdiction of

MEMORANDUM DECISION - Page 5

the bankruptcy court. Thus, the <u>Chan</u> court would decide all issues relating to discharge as well as claims concerning violation of state securities laws.

An unpublished decision which is in agreement with <u>Chan</u>, <u>supra</u>, and focused on the narrow issue presented here is <u>In re Jensen-Ames</u>, 2011 WL 1238929 (Bankr. W.D. Wash. March 30, 2011). In that case, there was a pre-petition consent order between the debtor and the state securities regulatory agency. Although signed by the debtor, the consent order had not been signed by the agency, which resulted in the bankruptcy court's determination that the order did not conclusively establish that the debtor had violated state securities laws. After a review of the undisputed facts in the adversary proceeding, the bankruptcy court itself concluded that a violation of securities laws had occurred. As authority to make that determination, the court relied upon language in § 523(a)(19)(B)(i) which refers to an obligation resulting from a ". . . decree entered in any Federal or State judicial or administrative proceeding." As a federal court, the bankruptcy court could enter a decree that a violation of securities laws had occurred and then determine the dischargeability of that obligation. However, the <u>Jensen-Ames</u> decision recognized that prior to the BAPCPA amendment, the bankruptcy court lacked authority to make that determination. "As originally enacted, Section 523(a)(19) required a prepetition judgment, order or settlement establishing the debtor's liability. Thus, there was no issue about the bankruptcy court being the court to enter the judgment referenced in the statute." <u>Jensen-Ames</u>, <u>supra</u>, at p. 8.

The difficulty with this reasoning is that the portion of § 523(a)(19)(B) which refers to a decree entered by any federal court was not modified by the BAPCPA amendment. If, as originally enacted, there was no question that the bankruptcy court could not determine that a violation of securities laws had occurred, the language in the amendment affected no change in that principle. The language of the amendment affects the time of such a determination, as under the amendment, it may now occur pre-petition, during the bankruptcy or post-petition. That changes the time period in which the determination is made, but does not change the conclusion of whether a bankruptcy

MEMORANDUM DECISION - Page 6

court has the authority to make the determination.

The Eighth Circuit Bankruptcy Appellate Panel affirmed In re Reuter, 427 B.R. 727 (Bankr. W.D. Mo. 2010) at 443 B.R. 427 (B.A.P. 8th Cir. 2011). Reuter analyzed both Jafari and Chan, but did not decide the narrow issue presented in this partial motion for summary judgment. In that case, the debtor had entered into a consent judgment in which he agreed that the bankruptcy court would determine whether a violation of a federal and state securities laws had occurred as well as award any resulting damages.

> Prior to the amendment by BAPCPA, it was well settled that § 523(a)(19) required a pre-bankruptcy judgment, order or settlement agreement memorializing liability for the underlying securities law violation as a condition precedent for a nondischargeability action in the bankruptcy court. The addition of the words "before, on, or after the date on which the petition was filed" by BAPCPA has invited a debate as to whether § 523(a)(19) now allows a bankruptcy court to render its own determination of liability for securities law violations or whether the liability determination must still be made outside of the bankruptcy court.
>
> . . . .
>
> Although the Court would likely be persuaded by the reasoning set forth in the Jafari opinion, thereby requiring a non-bankruptcy forum to determine liability on Plaintiffs' claims of securities fraud and securities violations, because of the unique circumstances in this case, it can save that determination for another day. The Court finds that Debtor has already consented to the Bankruptcy Court having jurisdiction to determine the issue of liability and dischargeability, therefore, Debtor has either waived his right to raise this issue or is estopped from raising it.

Reuter, 427 B.R. at 760.

The better reasoned cases on this narrow issue conclude that interpreting § 523(a)(19) to allow a bankruptcy court to decide whether the requirement of § 523(a)(19)(A) have been met would render § 523(a)(19)(B) meaningless. When construing a statute, the court must interpret the statute in such a manner as to give effect to all of its parts. Boise Cascade Corp. v. United States Envtl. Prot. Agency, 942 F.2d 1427 (9th Cir. 1991). A portion of the statute is not to be rendered superfluous by the court in reaching a conclusion as to the statute's meaning. United States v. Fiorillo, 186 F.3d 1136 (9th Cir. 1999).

Should the bankruptcy court be the appropriate forum to conclude that the

MEMORANDUM DECISION - Page 7

requiremens of subpart (A) have been met, subpart (B) is superfluous. The existence of subsection (B) to § 523(a)(19) leads to the conclusion that the bankruptcy court, once some regulatory or other judicial tribunal has determine a violation of securities laws exists, may determine whether the debt at issue resulted from the violation and is thus not subject to discharge.

## **CONCLUSION**

The BAPCPA amendments to § 523(a)(19) only effectuate a change in the time period in which a determination may be reached that a violation of state or federal securities laws has occurred. That determination may be made pre-petition or post-petition, but it must be made by a tribunal other than the bankruptcy court. To conclude otherwise would render subpart (B) superfluous.

Plaintiffs' Motion for Partial Summary Judgment is DENIED. The bankruptcy court did not acquire the jurisdiction to determine a violation of securities laws by virtue of the 2005 amendment to § 523(a)(19). Once some regulatory or other judicial tribunal has made a determination of a violation of securities laws, the bankruptcy court may determine whether or not that debt is subject to discharge.

_____
Patricia C. Williams
Bankruptcy Judge

04/18/2012 15:42:58

MEMORANDUM DECISION - Page 8