**So Ordered.**


Patricia C. Williams
Bankruptcy Judge

**Dated: August 2nd, 2013**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GARY JAMES BUNDY and<br>BARBARA EARP BUNDY,<br><br>　　　　　Debtor(s). | Case No. 11-02296-PCW7 |
| GEORGE TEREK and RITA TEREK, husband and wife, GARY WESTAD and SANDY WESTAD, husband and wife,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>GARY JAMES BUNDY and<br>BARBARA EARP BUNDY,<br><br>　　　　　Defendant(s). | Adversary No. 11-80321-PCW<br><br>MEMORANDUM DECISION RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF COMMUNITY PROPERTY (ECF NO. 67) |

THIS MATTER came before the court on Plaintiffs' Motion for Summary Judgment As To The Discharge of Debts Owed Plaintiffs (ECF No. 67). This adversary alleges that the debtors, defendants Gary and Barbara Bundy, obtained $205,000.00 from plaintiffs Gary and Sandy Westad and obtained $166,000.00 from

MEMORANDUM DECISION RE: . . . ~ Page 1

plaintiffs George and Rita Terek as a result of the debtor-defendants' violation of state securities laws. Pursuant to this court's Order Partially Granting Plaintiffs' Motion for Summary Judgment and Setting Briefing Deadlines (ECF No. 90), the court ruled that summary judgment was granted so far as it seeks to hold the debtor, Gary Bundy, personally liable for violation of Washington State Securities Act, specifically RCW 21.20.430. This court ruled as a matter of law that the obligation of Gary Bundy arising from that violation is not subject to discharge pursuant to 11 U.S.C. § 523(a)(19). The court granted the parties additional time for briefing on the issue of whether, under Washington state community property law, the entire assets of the martial community are liable for satisfaction of the liability or whether only Gary Bundy's share of the community assets are liable for the liability, which this court found to be not subject to discharge pursuant to 11 U.S.C. § 523(a)(19). The court has reviewed the file herein and the Memorandum in Support of Plaintiffs' Motion for Summary Judgment As To the Liability of the Debtors' Community Property (ECF No. 98). The court takes notice that attorney Casey Quiroga has withdrawn as counsel for defendants Gary and Barbara Bundy.

In Washington, a debt incurred by either spouse during marriage is presumed to be a community debt, and that presumption may only be overcome by clear and convincing evidence. *Oil Heat Co. of Port Angeles, Inc. v. Sweeney*, 26 Wn. App. 351, 613 P.2d 169 (1980). Furthermore, the burden of proving that a debt is not a

MEMORANDUM DECISION RE: . . . ~ Page 2
11-80321-FPC    Doc 99    Filed 08/02/13    Entered 08/02/13 11:29:04    Pg 2 of 4

community obligation rests on the community. *Pacific Gamble Robinson Co. v. Lapp*, 95 Wn.2d 341, 344, 622 P.2d 850, 854, *overruled on other grounds by Haley v. Highland*, 142 Wn.2d 135, 12 P.3d 119 (2000) (*citing Beyers v. Moore*, 45 Wn.2d 68, 70, 272 P.2d 626 (1954). The defendants argue that a nondischargeable judgment should only be entered in bankruptcy court against a marital community's community property where evidence presented proves that both husband and wife were involved in transactions or occurrences that led to the nondischargeable judgment and the actions were done to benefit the martial community. *In re Clark*, 179 B.R. 898 (Bankr. D. Ariz. 1995). *In re Clark* involved a situation in which the husband's actions were determined to be willful and malicious and the court would not impute the husband's willful and malicious injury to the debtor-wife solely on state community property law where the bad acts of the debtor-husband were allegedly committed for the benefit of the community.

A nondischargeability judgment should only be entered against a marital community's community property where the evidence presented at trial proves that both the husband and wife were involved in the transactions or occurrences which lead to the nondischargeable judgment. *See In re Lansford*, 822 F.2d 902 (9th Cir. 1987). In this case, defendants were given an opportunity to brief the issue and had the burden of producing evidence to overcome the presumption that a community debt is a

community obligation. No legal memoranda nor evidence in the form of supporting declarations were submitted by the defendants for the court's review.

The court find that the defendants have failed to meet the burden of proof to overcome by clear and convincing evidence that this community debt is a community obligation. Therefore, the court grants summary judgment in favor of the plaintiffs that the entire assets of the marital community are liable for satisfaction of this liability. The court will enter an order accordingly.

///END OF MEMORANDUM DECISION///